# EXHIBIT A

CAPEHART & SCATCHARD, P.A.
By: Kurt E. Kramer, Esq.
NJ Attorney I.D. – 46805
8000 Midlantic Drive, Suite 300S
P.O. Box 5016
Mt. Laurel, NJ 08054
(856) 234-6800
Attorneys for Plaintiff, Ingerman Construction Company

| | |
|---|---|
| INGERMAN CONSTRUCTION COMPANY,<br><br>Plaintiff<br><br>v.<br><br>CRANBROOK INSURANCE COMPANY,<br><br>Defendant | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY<br><br>DOCKET NO. L-<br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiff, Ingerman Construction Company ("Ingerman"), by and through its attorneys,

Capehart & Scatchard, P.A., as and for its Complaint against the Defendant, Cranbrook

Insurance Company ("Cranbrook"), herein alleges:

## PARTIES

1.     Plaintiff, Ingerman, is a business organized under the laws of the State of New

Jersey, with its principal place of business located at 5 Powell Lane, Collingswood, NJ 08108.

2.     Defendant, Cranbrook, is a business organized under the laws of the State of

Michigan with offices located at 30833 Northwestern Highway, Suite 220, Farmington Hills, MI

48334.

## JURISDICTION AND VENUE

3.     This Court has personal jurisdiction over Cranbrook because it does business in

New Jersey and, upon information and belief, regularly conducts business in this State.

3781008                                    1

4.      Venue is proper in this Court because the Plaintiff resides and has its principal place of business in Camden County, New Jersey.

## FACTUAL BACKGROUND

5.      In or about November of 2011, a renovation project (the "project") was taking place at the Carriage Works Apartments, located at 1320 West Market Street, West York, PA 17404.

6.      Ingerman was the general contractor on the project.

7.      On or about October 26, 2011, Ingerman entered into a sub-contract (the "Subcontract") with Pennsylvania Development and Construction Group, Inc. ("PDCG") for the management of the project by PDCG.

8.      In accordance with Section 2.6 of the Subcontract, PDCG was responsible for securing and maintaining no less than $1 million of commercial general liability ("CGL") primary coverage and $2 million of umbrella coverage.

9.      Pursuant to Section 2.6.6 of the Subcontract, PDCG was also required to name Ingerman as an additional insured on its CGL policy.

10.     Prior to the start of the project, PDCG provided Ingerman with a certificate of insurance naming Ingerman as an additional insured on its CGL policy number CIP123093 (collectively, the "Policy"), which Policy was issued to PDCG by Defendant Cranbrook.  A copy of the certificate of insurance is attached as Exhibit "A".

11.     The certificate of insurance states in pertinent part:

> **A. Section II- Who is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for bodily injury, property damage,  or "personal and advertising injury" caused, *in whole or in part*, by:
>
> 1.      Your acts or omissions; or

3781008                                                 2

2.    The acts or omissions of those acting on your behalf;

In the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

See Certificate of Insurance, Exhibit "A" (emphasis added).

12.    On or about October 21, 2013, a wrongful death and survivorship action was filed against, *inter alia*, Ingerman and PDCG, in the Pennsylvania Court of Common Pleas, Philadelphia County, Docket No. 131001847 (the "Underlying Lawsuit"). A copy of the Complaint is attached as Exhibit "B".

13.    According to the Complaint filed in the Underlying Lawsuit, on November 11, 2011, Carlos Munoz (the "decedent"), an employee of FM Home Improvement, Inc. ("FM"), was killed when he was crushed by a large piece of machinery he was operating as part of the project.

14.    FM had been subcontracted by Ingerman to perform certain construction services as part of the project.

15.    The Complaint in the Underlying Lawsuit alleges that the decedent's death was caused, in whole or in part by, the negligence of, *inter alia*, PDCG. Compliant, Exhibit "B", Count IV - Negligence.

16.    On or about March 23, 2015, Ingerman sent a timely notice of the Complaint filed in the Underlying Lawsuit, along with a formal demand for indemnity and a defense, to Defendant Cranbrook. A copy of the March 23, 2015 tender letter is attached as Exhibit "C".

17.    By letter dated June 10, 2015 (the "Denial Letter"), Cranbrook refused to provide a defense or indemnity to Ingerman with respect to the claims alleged in the Underlying Lawsuit. A copy of the June 10, 2015 Denial Letter is attached as Exhibit "D".

3781008                                    3

18.     Cranbrook knows or should know the bases for the denial of coverage for

Ingerman as provided in the Denial Letter lacks factual and/or legal support.

## FIRST COUNT
## DECLARATORY JUDGMENT

19.     Ingerman repeats and realleges the allegations of the foregoing paragraphs as if

set forth at length herein.

20.     Cranbrook sold PDCG the Policy.

21.     Ingerman was named as an additional insured under the Policy.

22.     Ingerman was an intended third party beneficiary under the Policy.

23.     The required elements for coverage of Ingerman for the claims in this litigation

have been met.

24.     As an additional insured under the Policy, Ingerman is entitled to a defense and

indemnity against claims for bodily injury caused, in whole or in part by, the acts or omissions of

PDCG.

25.     The Complaint in the Underlying Lawsuit alleges that the decedent's death was

caused, in whole or in part by, the negligence of, *inter alia*, PDCG.

26.     Cranbrook is required to defend and indemnify Ingerman against the claims

asserted in the Underlying Lawsuit.

27.     Cranbrook has breached and continues to breach its promises, as set forth in the

Policy, by failing and refusing to defend and indemnify Ingerman against the claims asserted in

the Underlying Lawsuit.

28.     An actual controversy exists regarding the interpretation of the Policy,

particularly with regard to the provisions providing for the defense and indemnification of

Ingerman by Cranbrook.

3781008                                    4

29.     Accordingly, Ingerman and Cranbrook are entitled to a declaratory judgment of their rights and obligations under the Policy by this Court.

WHEREFORE, pursuant to the Uniform Declaratory Judgment Act, N.J.S.A. § 2A:16-51, et seq., Plaintiff, Ingerman Construction Company, seeks a judicial declaration by this Court that Defendant, Cranbrook Insurance Company, is required to defend and indemnify Ingerman against the claims asserted in the Underlying Lawsuit, that Cranbrook is required to pay Ingerman the amounts owed under the Policy, together with all compensatory and consequential damages, costs of suit, reasonable attorney's fees incurred in both the Underlying Lawsuit and this action, pre-judgment and post-judgment interest, and such other and further relief as may be just and equitable.

## SECOND COUNT
## BREACH OF CONTRACT

30.     Ingerman repeats and realleges the allegations of the foregoing paragraphs as if set forth at length herein.

31.     Cranbrook sold PDCG the Policy.

32.     Ingerman was named as an additional insured under the Policy.

33.     Under the Policy, Cranbrook promised to defend and indemnify Ingerman against claims for bodily injury caused, in whole or in part by, the acts or omissions of PDCG.

34.     Cranbrook has breached its contractual obligations under the Policy by refusing to defend and indemnify Ingerman against the claims alleged in the Underlying Lawsuit.

35.     As a direct and proximate result of Cranbrook's breach as aforesaid, Ingerman has and will continue to suffer substantial damages.

WHEREFORE, Plaintiff, Ingerman Construction Company, demands judgment on this count in its favor and against Defendant, Cranbrook Insurance Company, for the monetary damages due and owing under the Policy, together with costs of suit, reasonable attorney's fees incurred in both the Underlying Lawsuit and this action, pre-judgment and post-judgment interest, and such other and further relief as may be just and equitable.

### THIRD COUNT
### BREACH OF GOOD FAITH AND FAIR DEALING

36.     Ingerman repeats and realleges the allegations of the foregoing paragraphs as if set forth at length herein.

37.     Cranbrook sold PDCG the Policy.

38.     Ingerman was named as an additional insured under the Policy.

39.     Under the Policy, Cranbrook has a duty of good faith and fair dealing to its policyholder, PDCG, as well as to any additional named insureds, such as Ingerman.

40.     As an insurance company, Cranbrook has duties to the public to meet its obligations and to act with the utmost good faith.

41.     Cranbrook has breached and continues to breach it duty of good faith and fair dealing under the Policy by failing to honor its obligations under the Policy, by refusing to defend and indemnify Ingerman against the claims asserted in the Underlying Lawsuit, and by improperly forcing Ingerman to defend itself in the Underlying Lawsuit.

42.     As a direct and proximate result of Cranbrook's breach of its duty of good faith and fair dealing, Ingerman has and will continue to suffer substantial damages.

43.     Cranbrook knows that as a result of its breach of duty, Ingerman has and will continue to suffer substantial damages.

WHEREFORE, Plaintiff, Ingerman Construction Company, demands judgment on this count in its favor and against Defendant, Cranbrook Insurance Company, for the monetary damages due and owing under the Policy, together with costs of suit, reasonable attorney's fees incurred in both the Underlying Lawsuit and this action, pre-judgment and post-judgment interest, and punitive damages pursuant to the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9, et seq., and for such other and further relief as may be just and equitable.

CAPEHART & SCATCHARD, P.A.

BY _____
        Kurt E. Kramer, Esq.
        Attorneys for Plaintiff,
        Ingerman Construction Co.

Dated: July 9, 2015

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE:  This Plaintiff hereby demands a trial by jury as to all issues

herein.

CAPEHART & SCATCHARD, P.A.

BY _____
　　　Kurt E. Kramer, Esq.
　　　Attorneys for Plaintiff,
　　　Ingerman Construction Co.


Dated: July 9, 2015


## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Kurt E. Kramer, Esq. is hereby designated as trial attorney in the

above matter.

CAPEHART & SCATCHARD, P.A.

BY _____
　　　Kurt E. Kramer, Esq.
　　　Attorneys for Plaintiff,
　　　Ingerman Construction Co.

Dated: July 9, 2015

3781008　　　　　　　　　　8

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to Rule 4:5-1, I hereby certify that the above-captioned matter is not, to my knowledge, the subject of any other action pending in any Court or of a pending arbitration proceeding. At present, I do not contemplate instituting any such action or arbitration.

CAPEHART & SCATCHARD, P.A.

Dated: July 9, 2015          By:

Kurt E. Kramer, Esq.
Attorneys for Plaintiff, Ingerman
Construction Company

(Page 1 of 27)

Court of Common Pleas of Philadelphia County
Trial Division
**Civil Cover Sheet**

For Prothonotary Use Only (Docket Number)
**OCTOBER 2013**    **001847**
E-Filing Number: 1310035888

| | |
|---|---|
| PLAINTIFF'S NAME<br>MARIA PAUCAR MUNOZ | DEFENDANT'S NAME<br>THE BETCO COMPANIES, LLC |
| PLAINTIFF'S ADDRESS<br>27 LINCOLN PLACE<br>IRVINGTON NJ 07111 | DEFENDANT'S ADDRESS<br>5600 3 FIRST NATIONAL PLAZA<br>CHICAGO IL 60602 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>PETTIBONE, LLC |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>2626 WARRENVILLE ROAD<br>DOWNERS GROVE IL 60515 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>PETTIBONE TRAVERSE LIFT, LLC |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>1100 SUPERIOR AVE.<br>BARAGA MI 49908 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 12 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce ☐ Settlement<br>☐ Minor Court Appeal ☐ Minors<br>☐ Statutory Appeals ☐ W/D/Survival |

CASE TYPE AND CODE
2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PROPROTHY**<br>OCT 21 2013<br>**J. MURPHY** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES    NO |
|---|---|---|

---

**TO THE PROTHONOTARY**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MARIA PAUCAR MUNOZ

Papers may be served at the address set forth below

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>ROBERT J MONGELUZZI | ADDRESS<br>ONE LIBERTY PLACE 52ND FLOOR<br>1650 MARKET ST. |
|---|---|
| PHONE NUMBER<br>(215) 496-8282 | FAX NUMBER<br>(215) 496-0999 | PHILADELPHIA PA 19103 |
| SUPREME COURT IDENTIFICATION NO.<br>36283 | E-MAIL ADDRESS<br>ejones@smbb.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>ROBERT MONGELUZZI | DATE SUBMITTED<br>Monday, October 21, 2013, 11:55 am |

FINAL COPY (Approved by the Prothonotary Clerk)

Case ID. 131001847
Control No 14112361



**03/31/2015 04:25 PM**

(Page 2 of 27)

COMPLETE LIST OF DEFENDANTS:

1. PENNSYLVANIA DEVELOPMENT AND CONSTRUCTION GROUP, LLC
   3415 CONCORD ROAD SUITE A
   YORK PA 17401
2. PFG CAPITAL LIMITED PARTNERSHIP
   3415 CONCORD ROAD SUITE A
   YORK PA 17401
3. INGERMAN MANAGEMENT COMPANY
   725 CUTHBERT BLVD.
   CHERRY HILL NJ 08002
4. INGERMAN CONSTRUCTION COMPANY
   837 LAFAYETTE ROAD
   BRYN MAWR PA 19010
5. INGERMAN AFFORDABLE HOUSING, INC.
   837 LAFAYETTE ROAD
   BRYN MAWR PA 19010
6. MBI DEVELOPMENT COMPANY, INC.
   837 LAFAYETTE ROAD
   BRYN MAWR PA 19010
7. CARRIAGE WORKS APARTMENTS LIMITED PARTNERSHIP
   1735 MARKET STREET, 51ST FLOOR
   PHILADELPHIA PA 19103
8. POWER PRO RENTS, INC.
   70 US HIGHWAY 202
   RINGOES NJ 08551
9. E V. MARTIN CORPORATION
   ALIAS: POWER PRO EQUIPMENT
   780 E. MAIN STREET
   NEW HOLLAND PA 17557
10. PETTIBONE TRAVERSE LIFT, LLC
    1100 SUPERIOR AVE.
    BARAGA MI 49908
11. PETTIBONE, LLC
    2626 WARRENVILLE ROAD
    DOWNERS GROVE IL 60515
12. THE RRICO COMPANIES, LLC
    5600 3 FIRST NATIONAL PLAZA
    CHICAGO IL 60602

Case ID: 131001847

Control No. 14112361

03/31/2015 04:25 PM



(Page 3 of 27)

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.
BY: ROBERT J. MONGELUZZI/DAVID L KWASS/
BENJAMIN J. BAER
IDENTIFICATION NO.: 36283/63836/205779
52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103
(215) 496-8282


ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| Maria Panfat Munoz, as the Administratrix of the Estate of CARLOS P. MUNOZ, and on behalf of the decendent's beneficiaries, 27 Lincoln Place Irvington, NJ 07111 | PHILADELPHIA COUNTY COURT OF COMMON PLEAS LAW DIVISION |
| Plaintiff, | TERM, 2013 |
| v | NO |
| THE HEICO COMPANIES, LLC 5600 Three First National Plaza Chicago, IL 60602 | |
| And | JURY TRIAL DEMANDED |
| PETTIBONE, LLC 2625 Warrenville Rd. Downers Grove, IL 60515 | |
| And | |
| PETTIBONE TRAVERSE LIFT, LLC 1150 Superior Ave. Baraga, MI 49908 | |
| And | |
| E. V MARTIN CORPORATION, d/b/a POWER PRO EQUIPMENT 780 E. Main St. New Holland, PA 17557 | |
| And | |
| POWER PRO RENTS, INC 70 US Highway 202 | |

Case ID: 131001847

Case ID  131001847
Control No  14112361

03/31/2015 04:25 PM

(Page 6 of 27)

Ringoes, NJ 08551

CARRIAGE WORKS APARTMENTS
LIMITED PARTNERSHIP
1735 Market Street 51st Floor
Philadelphia, PA 19103

And

MBI DEVELOPMENT COMPANY, INC.
837 Lafayette Rd
Bryn Mawr, PA 19010

And

INGERMAN AFFORDABLE HOUSING,
INC.
837 Lafayette Rd
Bryn Mawr, PA 19010

And

INGERMAN CONSTRUCTION
COMPANY
837 Lafayette Rd
Bryn Mawr, PA 19010

And

INGERMAN MANAGEMENT COMPANY
725 Cuthbert Blvd
Cherry Hill, NJ 08002

And

PFG CAPITAL LIMITED PARTNERSHIP
3415 Concord Rd Suite A
York, PA 17401

And

PENNSYLVANIA DEVELOPMENT AND
CONSTRUCTION GROUP LLC
3415 Concord Rd Suite A
York, PA 17401
                              Defendants.

Case ID: 131001847

Case ID  131001847
Control No  14112361

**03/31/2015 04:25 PM**

(Page 5 of 27)

**NOTICE**

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6338"

**AVISO**

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las siguientes paginas, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion para entablar personalmente o por un abogado una comparencia escrita y tambien para enviarle a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIOS REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono (215) 238-6338"

## COMPLAINT -- CIVIL ACTION

1. Plaintiff, Maria Paucar Munoz, is an adult individual. She currently resides at 27 Lincoln Place, Irvington, NJ, 07111. Maria Paucar is appointed as the administratrix of the estate of Carlos P. Munoz.

2. On November 11, 2011, Carlos P. Munoz died leaving his parents, Carmen Dolores Pinguil Munoz and Felix Maria Munoz Cungallu, as his beneficiaries

3. Plaintiff, Maria Paucar is the cousin of Carlos P Munoz and brings this suit as the administratrix of the estate of Carlos P. Munoz and on behalf of those individuals entitled to recover for Carlos P. Munoz's wrongful death.

4. Defendant The Heico Companies, LLC ("Heico") is a limited liability company with a corporate headquarters located at 6600 Three First National Plaza, Chicago, IL 60602. Defendant Heico is engaged in the business of designing, engineering, manufacturing, marketing, selling and servicing material-handling equipment, including but not limited to the Pettibone Extendo 10056

(Page 6 of 27)

5.    At all times relevant, Defendant Heico operates as a parent holding company with control over approximately thirty-five (35) different companies which are organized into four platform groups.  Included in these groups are, Ancm, Metal Processing, Construction, and Pettibone, L.L.C. Defendant controls all of these companies and facilitates an environment of constant communication between and among the companies that allows for the sharing of practices and ideas throughout their companies.

6    At all times relevant, Defendant Heico, individually and by and through all the various companies it controls, conducts business nationwide and within the Commonwealth of Pennsylvania.  Specifically, Defendant Heico carries out substantial, continuous, systematic, and regular business activities and regularly conducts business within Philadelphia County.

7    Defendant Pettibone LLC ("Pettibone LLC") is a limited liability company with a corporate headquarters located at 2826 Warrenville Rd., Downers Grove, IL 60515. Defendant Pettibone LLC is engaged in the business of designing, engineering, manufacturing, marketing, selling and servicing material-handling equipment, including but not limited to the Pettibone Extendo 10056.

8    At all times relevant, Defendant Pettibone LLC operates as a parent and controlling company over the numerous entities that exist in Defendant Heico's Pettibone LLC platform group.

9.    At all times relevant, Defendant Pettibone LLC conducts business nationwide and within the Commonwealth of Pennsylvania. They conduct this business both individually and by and the companies that it controls, including but not limited to: Barko Hydraulics, LLC; Bartell Machinery Systems, LLC; Davies Molding, LLC; Effikal, LLCC; Field Controls, LLC, Fine

Case ID. 131001847

Case ID  131001847

Control No . 14112361



03/31/2015 04:25 PM

Sentinel, LLC; Rior-Riomed, BV; RMS Equipment Company, Spartan Tool, LLC; Stenograph, LLC, The Steelastic Company, LLC; Tiffin Parts, LLC; and Pettibone Traverse Lift, LLC. Specifically, Defendant Pettibone LLC, individually and by and through the aforementioned companies, carries out substantial, continuous, systematic, and regular business activities and regularly conducts business within Philadelphia County.

10  Defendant Pettibone Traverse Lift, LLC ("Pettibone") a limited liability company with a corporate headquarters located at 1100 Superior Ave , Baraga, MI 49908 Defendant Pettibone is engaged in the business of designing, engineering, manufacturing, marketing, selling and servicing material-handling equipment, including but not limited to the Pettibone Extendo 10056.

11.  At all times relevant, Defendant Pettibone conducts business nationwide and within the Commonwealth of Pennsylvania.  Specifically, Defendant Pettibone carries out substantial, continuous, systematic, and regular business activities and regularly conducts business within Philadelphia County.

12  Defendant B.V Martin Corporation, d/b/a Power Pro Equipment. ("Power Pro Equipment") is a Pennsylvania corporation with a corporate headquarters located at 730 E. Main St., New Holland, PA 17557.  Power Pro Equipment is engaged in the business of renting and leasing aerial lifts, including but not limited to the Pettibone Extendo 10056

13.  At all times relevant, Defendant Power Pro Equipment conducts business nationwide and within the Commonwealth of Pennsylvania. Specifically, Defendant Power Pro Equipment carries out substantial, continuous, systematic, and regular business activities and regularly conducts business within Philadelphia County

Case ID 131001847

Case ID 131001847
Control No  14112361

14    Defendant Power Pro Rents, Inc. ("Power Pro Rents") is a New Jersey corporation with a corporate headquarters located at 70 U.S. Highway 202, Ringoes, NJ 08551 Power Pro Rents is engaged in the business of renting and leasing aerial lifts, including but not limited to the Pettibone Extendo-10056

15    At all times relevant, Defendant Power Pro Rents conducts business within the Commonwealth of Pennsylvania. Specifically, Defendant Power Pro Rents carries out substantial, continuous, systematic, and regular business activities and regularly conducts business within Philadelphia County.

16.    Defendants Power Pro Equipment and Power Pro Rents will hereinafter be referred to collectively as "Power Pro".

17    Defendant Carriage Works Apartments Limited Partnership ("Carriage Works") is a Pennsylvania partnership or other business entity with a corporate headquarters located at 1735 Market Street 51st Floor, Philadelphia, PA 19103.

18.    At all times relevant, Defendant Carriage Works conducts business within the Commonwealth of Pennsylvania. Specifically, Defendant Carriage Works carries out substantial, continuous, systematic, and regular business activities and regularly conducts business within Philadelphia County.

19.    Defendant MBI Development Company, Inc. ("MBI") is a Pennsylvania corporation with a corporate headquarters located at 780 E Main St, New Holland, PA 17557.

20.    At all times relevant, Defendant MBI conducts business nationwide and within the Commonwealth of Pennsylvania. Specifically, Defendant MBI carries out substantial,

continuous, systematic, and regular business activities and regularly conducts business within Philadelphia County.

21    Defendant Ingerman Affordable Housing, Inc. ("Ingerman Affordable Housing") is a Pennsylvania corporation with a corporate headquarters located at 837 Lafayette Road, Bryn Mawr, PA 19010.

22.    At all times relevant, Defendant Ingerman Affordable Housing conducts business nationwide and within the Commonwealth of Pennsylvania. Specifically, Defendant Ingerman Affordable Housing carries out substantial, continuous, systematic, and regular business activities and regularly conducts business within Philadelphia County

23    Defendant Ingerman Construction Company ("Ingerman Construction") is a Pennsylvania corporation or other business entity with a corporate headquarters located at 837 Lafayette Road, Bryn Mawr, PA 19010

24.    At all times relevant, Defendant Ingerman Construction conducts business nationwide and within the Commonwealth of Pennsylvania. Specifically, Defendant Ingerman Construction carries out substantial, continuous, systematic, and regular business activities and regularly conducts business within Philadelphia County.

25.    Defendant Ingerman Management Company ("Ingerman Management") is a Pennsylvania corporation or other business entity with a corporate headquarters located at 837 Lafayette Road, Bryn Mawr, PA 19010.

26    At all times relevant, Defendant Ingerman Management conducts business nationwide and within the Commonwealth of Pennsylvania. Specifically, Defendant Ingerman

Case ID: 131001847

Case ID 131001847
Control No 14112361



**03/31/2015 04:25 PM**

Management carries out substantial, continuous, systematic, and regular business activities and regularly conducts business within Philadelphia County.

27.     Defendants Carriage Works, MBI, Ingerman Affordable Housing, Ingerman Construction and Ingerman Management will hereinafter be referred to collectively as the "Ingerman Defendants"

28     At all times relevant, the Ingerman Defendants were the owners, possessors, controllers, developers and/or General Contractors of the Carriage Works Apartment site located at 1320 West Market Street, York, PA, 17404.

29 Defendant PFG Capital Limited Partnership ("PFG Capital") is a Pennsylvania partnership or other business entity with a corporate headquarters located at 3415 Concord Road, Suite A, York, PA 17402.

30     At all times relevant, Defendant PFG Capital conducts business nationwide and within the Commonwealth of Pennsylvania. Specifically, Defendant PFG Capital carries out substantial, continuous, systematic, and regular business activities and regularly conducts business within Philadelphia County.

31.     Defendant Pennsylvania Development and Construction Group ("PA Development") is a Pennsylvania partnership or other business entity with a corporate headquarters located at 3415 Concord Road, Suite A, York, PA 17402.

32     At all times relevant, Defendant Pennsylvania Development and Construction Group ("PA Development") conducts business within the Commonwealth of Pennsylvania.

Case ID: 131001847

Case ID  131001847

Control No  14112361

 

Specifically, Defendant PA Development carries out substantial, continuous, systematic, and regular business activities and regularly conducts business within Philadelphia County

33    PA Development is a wholly owned subsidiary of PFG Capital. Defendants PA Development and PFG will hereinafter be collectively referred to as the PFG Defendants.

34    At all times relevant, the PFG Defendants were the construction managers for the general contractor or the General Contractor of Carriage Works Apartment site located at 1320 West Market Street, York, PA, 17404.

35.    At some time before November 11, 2011, FM Home Improvement was contacted by the Ingerman Defendants to perform work at the Carriage Works Apartment site.

36.    On November 11, 2011, Carlos Munoz was lawfully on the premises of the Carriage Works Apartment site, working within the course and scope of his employment with FM Home Improvement.

37    On November 11, 2011, Carlos Munoz was operating the Pettibone Extendo 10056 ("Extendo"), when, the Extendo suddenly and without warning tipped over.

38.    In an attempt to save his own life, Carlos Munoz jumped out of the Extendo and fled from the falling machine.

39    Tragically, the Extendo toppled over onto Carlos Munoz, crushing his body and taking his life.

40    Prior to his death, Carlos Munoz experienced conscious fright, terror, and mental and physical pain and suffering



(Page 22 of 27)

41     The Extendo involved in the accident was designed, manufactured, marketed and sold by the Heico, Pettibone LLC and Pettibone Defendants.

42.    The Heico, Pettibone LLC and Pettibone Defendants sold and/or delivered the Extendo to the Power Pro Defendants.

43     The Extendo involved in the accident was owned and leased/rented out by the Power Pro Defendants to the Ingerman Defendants sometime prior to November 11, 2011

44     FM Home Improvement was contracted to complete the work on the Carriage Works Apartments by the Ingerman Defendants.

## COUNT I – NEGLIGENCE

### PLAINTIFF MARIA PAUCAR MUNOZ, AS THE ADMINISTRATRIX OF THE ESTATE OF CARLOS P. MUNOZ, AND ON BEHALF OF THE DECEDENT'S BENEFICIARIES v. THE HEICO COMPANIES, LLC, PETTIBONE LLC AND PETTIBONE TRAVERSE LIFT, LLC

45.    Plaintiff repeats each and every allegation as set forth in the previous Count as if set forth at length herein.

46     The injuries and damages to the estate and beneficiaries of decedent were caused, in whole or in part, by the negligence, carelessness, and/or negligent acts or omissions of Defendants Heico, Pettibone LLC and Pettibone, and/or their agents, servants or employees acting within the course and scope of their employment. The negligence, carelessness, and/or negligent omissions included, among other things, the following.

(a)     negligently designing, manufacturing, assembling, distributing, leasing, and/or selling the Extendo in a defective and unreasonably dangerous condition;

Case ID. 131001847

Case ID  131001847

Control No . 14112361

03/31/2015 04:25 PM

(b)  negligently failing to adequately, properly, and/or safely inspect or test the Extendo, or to make necessary corrections and adjustments, which would have revealed or remedied the dangerous condition;

(c)  negligently failing to discover defects in the Extendo;

(d)  failing to provide and attach warning of the dangers associated with operating the Extendo on uneven surfaces;

(e)  negligently failing to exercise the requisite degree of care and caution in the designing, manufacturing, assembling, distributing, leasing, and/or selling of the Extendo;

(f)  negligently failing to adequately design, manufacture, assemble, distribute, lease, and/or sell the Extendo in order to provide a safe product that would not tip over when used in a foreseeable manner;

(g)  negligently failing to adequately, properly, or completely supervise or instruct personnel in designing, manufacturing, assembling, distributing, leasing, and/or selling of the Extendo;

(h)  failing to establish and implement training programs for the maintenance, repair, and use of its Extendos by distributors and consumers;

(i)  negligently failing to adequately and properly institute and operate a train-the-trainer program;

(j)  negligently failing to adequately warn consumers, including Carlos Munoz, of the dangerous condition of the Extendo when the defendant knew or should have known of the dangerous condition;

(k)  negligently failing to provide and attach easily understandable warnings concerning the risk of equipment tip over;

(l)  negligently failing to remove the lift from the market or stream of commerce when the defendant knew or should have known of the dangerous condition of the Extendo;

(m)  utilizing defective materials and components in the design and manufacture of the Extendo;

(n)  failing to design and construct the Extendo with greater stability and protection from tip over;

(o)  designing, manufacturing, and selling an Extendo that malfunctioned;

Case ID 131001847

Case ID. 131001847
Control No  14112361



(Page 14 of 27)

(p) · failing to adequately inform or warn purchasers and end-users of the Extendo as to the proper procedures for inspecting, maintaining, repairing, and operating the Extendo, and

(q) failing to adhere to applicable industry standards, including in the design, testing, and manufacture of the Extendo.

47. As a direct, proximate, and foreseeable result of the defendants' negligence, carelessness, and/or negligent acts and omissions, decedent Carlos Munoz suffered severe injuries that directly led to his untimely death.

WHEREFORE, plaintiff Maria Paucar, demands judgment against defendant in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit.

## COUNT II – STRICT LIABILITY

### PLAINTIFF MARIA PAUCAR MUNOZ, AS THE ADMINISTRATRIX OF THE ESTATE OF CARLOS P. MUNOZ, AND ON BEHALF OF THE DECEDENT'S BENEFICIARIES v. THE HEICO COMPANIES, LLC, PETTIBONE LLC AND PETTIBONE TRAVERSE LIFT, LLC

48 Plaintiff repeats each and every allegation is set forth in the previous Counts as if set forth at length herein

49 Defendants Heico, Pettibone LLC, and/or Pettibone are the Extendo manufacturers that designed, manufactured, marketed, and sold the Extendo as a new product. The Extendo was expected to and did reach the user and operator without substantial change in its condition.

50 At the time defendants Heico, Pettibone LLC, and/or Pettibone sold the Extendo, it was in a defective condition because of its unsafe and improper design and construction.

Case ID: 131001847

Case ID 131001847
Control No 14112361

03/31/2015 04:25 PM

51.    At the time defendants Heico, Pettibone LLC, and/or Pettibone sold the Extendo, it was in a defective condition because it lacked proper warnings.

52.    At the time defendants Heico, Pettibone LLC, and/or Pettibone sold the Extendo, it was not merchantable and reasonably suited to the use intended.

53.    At the time of the accident, the condition of the Extendo had not been substantially changed from its condition when manufactured and distributed by defendants Heico, Pettibone LLC, and/or Pettibone.

54.    Defendants Heico, Pettibone LLC and Pettibone are strictly liable under the Restatement (Second) of Torts, Section 402A to plaintiff for all damages allowed under Pennsylvania law for the personal injuries suffered by Carlos Munoz and his wrongful death.

WHEREFORE, plaintiff Maria Paucar, demands judgment against defendant in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit.

### COUNT III – NEGLIGENCE

**PLAINTIFF MARIA PAUCAR MUNOZ, AS THE ADMINISTRATRIX OF THE ESTATE OF CARLOS P. MUNOZ, AND ON BEHALF OF THE DECEDENT'S BENEFICIARIES v. E.V. MARTIN CORPORATION, d/b/a POWER PRO EQUIPMENT AND POWER PRO RENTS, INC.**

55.    Plaintiff repeats each and every allegation as set forth in the previous Counts as if set forth at length herein.

56    The injuries and damages to the estate and beneficiaries of decedent were caused by the negligence, carelessness, and/or negligent acts or omissions of defendants Power Pro Equipment and Power Pro Rents, or its agents, servants or employees acting within the course

Case ID: 131001847

Case ID: 131001847
Control No  14112361

03/31/2015 04:26 PM

and scope of their employment. The negligence, carelessness, and/or negligent omissions included, among other things, the following:

(a) negligently distributing, leasing, renting, and/or selling the Extendo in a defective and unreasonably dangerous condition;

(b) negligently failing to adequately, properly, and/or safely inspect or test the Extendo, or to make necessary corrections and adjustments, which would have revealed or remedied the dangerous condition(s);

(c) negligently failing to adequately, properly, and/or safely maintain, service, and repair the Extendo, or to make necessary corrections and adjustments, which would have revealed or remedied the dangerous condition(s);

(d) negligently failing to discover defects in the Extendo,

(e) failing to properly maintain, service, and/or repair the alarms or other similar safety devices of the Extendo, including any tip over alarms;

(f) failing to properly maintain, service, and/or repair the tires of the Extendo;

(g) failing to properly maintain, service, and/or repair the operator controls and other components of the Extendo,

(h) negligently failing to exercise the requisite degree of care and caution in the distributing, leasing, and/or selling of the Extendo;

(i) negligently failing to adequately distribute, lease, and/or sell the Extendo in order to provide safe products that would not tip over when used in a foreseeable manner;

(j) negligently failing to adequately, properly, or completely supervise or instruct personnel in distributing, leasing, and/or selling of the Extendo;

(k) negligently failing to adequately, properly, or completely supervise or instruct personnel in inspecting, maintaining, repairing, and servicing the Extendo;

(l) negligently failing to adequately, properly, or completely determine whether users, such as decedent Carlos Munoz, were adequately trained to operate the Extendo as supplied;

(m) negligently failing to adequately, properly, or completely determine whether consumers, such as decedent Carlos Munoz, were adequately trained to inspect and/or maintain the Extendo as supplied;

Case ID. 131001847

Case ID· 131001847
Control No  14112361

03/31/2015 04:26 PM

(Page 17 of 27)

(n)    negligently failing to adequately, properly, or completely instruct or train consumers, such as decedent Carlos Munoz, in the safe use of Extendo to avoid the likelihood that the Extendo would tip over when being used;

(o)    negligently failing to adequately warn consumers, including decedent Carlos Munoz, of the dangerous condition of the Extendo when the defendant knew or should have known of the dangerous condition;

(p)    negligently failing to remove the Extendo from the market or stream of commerce when the defendant knew or should have known of the dangerous condition of the Extendo;

(q)    negligently maintaining, repairing and servicing the Extendo;

(r)    utilizing defective materials and components in maintaining, repairing and servicing the Extendo;

(s)    distributing, leasing and/or selling an Extendo that malfunctioned;

(t)    failing to adequately inform or warn purchasers and end-users of the Extendo of the proper procedures for inspecting, maintaining, repairing, and operating the Extendo; and

(u)    otherwise failing to use due care under the circumstances

57    As a direct, proximate, and foreseeable result of the defendant's negligence, carelessness, and/or negligent acts and omissions, decedent Carlos Munoz suffered severe injuries that directly led to his untimely death

WHEREFORE, plaintiff Maria Pancar, demands judgment against defendant in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit.

Case ID: 131001847

Case ID  131001847

Control No  14112361

**03/31/2015 04:26 PM**

## COUNT IV – NEGLIGENCE

### PLAINTIFF MARIA PAUCAR MUNOZ, AS THE ADMINISTRATRIX OF THE ESTATE OF CARLOS P. MUNOZ, AND ON BEHALF OF THE DECEDENT'S BENEFICIARIES v. CARRIAGE WORKS APARTMENTS LIMITED PARTNERSHIP, MBI DEVELOPMENT COMPANY, INC., INGERMAN AFFORDABLE HOUSING, INC., INGERMAN CONSTRUCTION COMPANY AND INGERMAN MANAGEMENT COMPANY

58.    Plaintiff repeats each and every allegation as set forth in the previous Counts as if set forth at length herein.

59.    At all times relevant, the Ingerman Defendants managed, maintained, possessed, operated, and controlled the Carriage Work Apartments, located at 1320 West Market Street, York, PA 17404 ("work site").

60.    At all times relevant, the Ingerman Defendants owed a duty to those persons lawfully upon their property, including decedent Carlos Munoz, to provide a reasonably safe environment free from unreasonable hazards.

61    At all times relevant, the Ingerman Defendants were the developers and/or general contractors of the work site.

62.    At all times relevant, the Ingerman Defendants controlled and/or supervised the work that was being performed at the work site

63.    As providers of general contracting, construction management, construction services, and/or maintenance services for the Carriage Works Apartments, the Ingerman Defendants had the responsibility to adopt, promulgate, and enforce proper, adequate, necessary, and appropriate standards, guidelines and procedures for the establishment of work site safety.

Case ID  131001847

Case ID: 131001847
Control No  14112361

**03/31/2015 04:26 PM**

64. The injuries and damages to the estate and beneficiaries of decedent were caused by the negligence, carelessness, and/or negligent acts or omissions of the Ingerman Defendants, or its agents, servants or employees acting within the course and scope of their employment. The negligence, carelessness, and/or negligent omissions included, among other things, the following:

(a) failing to provide a safe place in which to work;

(b) failing to adequately inspect the work site for dangerous and hazardous conditions;

(c) failing to coordinate with other entities, contractors, subcontractors and/or employees to provide a safe place in which to work;

(d) creating a hazardous condition which defendant knew or should have known could cause serious personal injuries and death to persons working at the work site, such as decedent;

(e) failing to recognize that the slope at the work site created a dangerous and hazardous condition;

(f) failing to properly train and supervise its employees in the proper recognition of hazardous conditions;

(g) failing to warn decedent Carlos Munoz of the dangerous and unsafe condition existing on the construction site;

(h) failing to adopt, enact, employ, and enforce proper and adequate safety programs, precautions, procedures, measures and plans;

(i) failing to provide or perform frequent inspections of the work site to prevent the accident;

(j) creating, permitting and allowing a dangerous condition to remain for any reasonable time without removing the dangerous condition, guarding against it and/or warning people, such as decedent Carlos Munoz, about the dangerous condition;

(k) failing to correct/eliminate the dangerous condition despite defendant's actual and constructive knowledge of the dangerous condition for an unreasonable amount of time before the accident;

(l) failing to plan, plot, design and supervise the construction work properly;

(m)    failing sufficiently inspect the construction site;

(n)    failing to provide special precautions which would have protected plaintiff from the particular and unreasonable risk and/or risks of physical harm which defendant recognized or should have recognized likely to be created by work being done on the project;

(o)    failing to hire competent employees, safety inspectors, contractors and subcontractors,

(p)    breaching their duties under the Restatement of the Law of Torts (Second), including § 343, 411, 412, 414, 422 and 424;

(q)    failing to warn plaintiff's employer of the peculiar, dangerous and/or unsafe conditions and/or special dangers existing at the project;

(r)    failing to warn plaintiff of the peculiar, dangerous and/or unsafe condition existing upon the premises of the project;

(s)    failing to adopt, enact, employ and enforce proper and adequate safety programs, precautions, procedures, measures and plans;

(t)    performing and furnishing construction services in an inadequate, unsafe and negligent manner;

(u)    promulgating and/or adopting insufficient plans for the work;

(v)    failing to cease and/or postpone construction work until proper and necessary precautions could be taken to safeguard employees, including plaintiff;

(w)    failing to recommend, provide and enforce frequent inspections of the work area;

(x)    failing to adopt and/or enforce a site-specific safety plan;

(y)    failing to perform a Safety Task Analysis or Job Hazard Analysis,

(z)    failing to require and enforce a requirement that workers sign off on site-specific safety rules,

(aa)   failing to ensure that all subcontractors performed all work in accordance with OSHA regulations;

(bb)   failing to address safety considerations by contract;

(cc)   failing to ensure the Extendo was functioning and used properly by trained, qualified and competent operators.

Case ID 131001847

Case ID· 131001847

Control No 14112361

(Page 21 of 27)

(dd)   failing to ensure that the Extendo was safe for use,

(ee)   such other acts of negligence as may be uncovered during the course of discovery.

65.   As a direct, proximate, and foreseeable result of the defendants' negligence, carelessness, and/or negligent acts and omissions, Carlos Munoz suffered severe injuries that directly led to his untimely death.

WHEREFORE, plaintiff Maria Paucar, demands judgment against defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P 238, interest and allowable costs of suit.

## COUNT V – NEGLIGENCE

**PLAINTIFF MARIA PAUCAR MUNOZ, AS THE ADMINISTRATRIX OF THE ESTATE OF CARLOS P. MUNOZ, AND ON BEHALF OF THE DECEDENT'S BENEFICIARIES v. PFG CAPITAL LIMITED PARTNERSHIP AND PENNSYLVANIA DEVELOPMENT AND CONSTRUCTION GROUP LIMITED PARTNERSHIP**

66   Plaintiff repeats each and every allegation as set forth in the previous Counts as if set forth at length herein.

67.   At all times relevant, the PFG Defendants were the construction managers for the general contractor and/or the general contractor at the work site.

68.   At all times relevant, the PFG Defendants owed a duty to those persons lawfully working at the work site, including decedent Carlos Munoz, to provide a reasonably safe work environment free from unreasonable hazards

Case ID 131001847

Case ID 131001847

Control No 14112361

03/31/2015 04:26 PM

69    As the construction managers for the work site, the PFG Defendants had the responsibility to adopt, promulgate, and enforce proper, adequate, necessary, and appropriate standards, guidelines and procedures for the establishment of work site safety

70.    The injuries and damages to the estate and beneficiaries of decedent were caused by the negligence, carelessness, and/or negligent acts or omissions of the PFG Defendants, or its agents, servants or employees acting within the course and scope of their employment. The negligence, carelessness, and/or negligent omissions included, among other things, the following.

(a)    failing to adequately inspect the work site for dangerous and hazardous conditions;

(b)    failing to coordinate with other entities, contractors, subcontractors and/or employees to provide a safe place in which to work;

(c)    creating a hazardous condition which defendant knew or should have known could cause serious personal injuries and death to persons working at the work site, such as decedent;

(d)    failing to recognize that the slope at this work site created a dangerous and hazardous condition;

(e)    failing to properly train and supervise its employees in the proper recognition of hazardous conditions;

(f)    failing to warn decedent Carlos Munoz of the dangerous and unsafe condition existing on the construction site;

(g)    failing to adopt, enact, employ, and enforce proper and adequate safety programs, precautions, procedures, measures and plans;

(h)    failing to provide or perform frequent inspections of the work site to prevent the accident;

(i)    creating, permitting and allowing a dangerous condition to remain for any reasonable time without removing the dangerous condition, guarding against it and/or warning people, such as decedent Carlos Munoz, about the dangerous condition,

Case ID: 131001847

Case ID   131001847
Control No   14112361

03/31/2015 04:26 PM

(Page 23 of 27)

(j) failing to correct/eliminate the dangerous condition despite defendant's actual and constructive knowledge of the dangerous condition for an unreasonable amount of time before the accident;

(k) failing to plan, plot, design and supervise the construction work properly;

(l) failing sufficiently inspect the construction site;

(m) failing to provide special precautions which would have protected plaintiff from the particular and unreasonable risk and/or risks of physical harm which defendant recognized or should have recognized likely to be created by work being done on the project;

(n) failing to hire competent employees, safety inspectors, contractors and subcontractors;

(o) failing to warn plaintiff's employer of the peculiar, dangerous and/or unsafe conditions and/or special dangers existing at the project;

(p) failing to warn plaintiff of the peculiar, dangerous and/or unsafe condition existing upon the premises of the project;

(q) failing to adopt, enact, employ and enforce proper and adequate safety programs, precautions, procedures, measures and plans;

(r) performing and furnishing construction management services in an inadequate, unsafe and negligent manner;

(s) promulgating and/or adopting insufficient plans for the work;

(t) failing to cease and/or postpone construction work until proper and necessary precautions could be taken to safeguard employees, including plaintiff;

(u) failing to recommend, provide and enforce frequent inspections of the work area;

(v) failing to adopt and/or enforce a site-specific safety plan;

(w) failing to perform a Safety Task Analysis or Job Hazard Analysis;

(x) failing to require and enforce a requirement that workers sign off on site-specific safety rules;

(y) failing to ensure that all subcontractors performed all work in accordance with OSHA regulations;

(z) failing to address safety considerations by contract;

Case ID. 131001847

Case ID· 131001847
Control No  14112361

**03/31/2015 04:26 PM**

(Page 24 of 27)

(aa)    failing to ensure the Extendo was functioning and used properly by trained, qualified and competent operators.

(bb)    failing to ensure that the Extendo was safe for use;

(cc)    such other acts of negligence as may be uncovered during the course of discovery.

71.    As a direct, proximate, and foreseeable result of the defendants' negligence, carelessness, and/or negligent acts and omissions, Carlos Munoz suffered severe injuries that directly led to his untimely death.

WHEREFORE, plaintiff Maria Paucar, demands judgment against defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit.

## COUNT VI – WRONGFUL DEATH

### PLAINTIFF MARIA PAUCAR MUNOZ, AS THE ADMINISTRATRIX OF THE ESTATE OF CARLOS P. MUNOZ, AND ON BEHALF OF THE DECEDENT'S BENEFICIARIES v. ALL DEFENDANTS

72.    Plaintiff repeats each and every allegation as set forth in the previous Counts as if set forth at length herein

73.    As a result of the injuries Carlos Munoz suffered in the accident, he died an untimely death on November 11, 2011

74.    Plaintiff Maria Paucar brings this action on behalf of those persons entitled by law to recover for his wrongful death, under and by virtue of Pa.R.C.P. 2022

75.    No action for damages was brought by Carlos Munoz during his lifetime as a result of the accident at issue in this case

Case ID 131001847

Case ID 131001847

Control No. 14112361

03/31/2015 04:26 PM

76.    Plaintiff, Maria Paucar, as administratrix of the estate of Carlos Munoz, claims damages for Carlos' pain and suffering and the pecuniary loss suffered by his beneficiaries by reason of his injuries and death, and specifically for reimbursement of medical expenses, funeral expenses, expenses of administration, and other necessary expenses resulting from his injuries and death.

WHEREFORE, plaintiff Maria Paucar, demands judgment against defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit.

## COUNT VII – SURVIVAL ACTION

### PLAINTIFF MARIA PAUCAR, AS THE ADMINISTRATRIX OF THE ESTATE OF CARLOS P. MUNOZ, AND ON BEHALF OF THE DECEDENT'S BENEFICIARIES v. ALL DEFENDANTS

65.    Plaintiff repeats each and every allegation as set forth in the previous Counts as if set forth at length herein

66.    Plaintiff, Maria Paucar, on behalf of the Estate of Carlos P. Munoz, brings this action under and by virtue of 42 Pa. C S §8302, commonly known as the Pennsylvania Survival Act, and claims all benefits of the Survival Act or law governing the survival of actions

67.    As a direct and proximate result of the foregoing, decedent, Carlos P. Munoz, has been, is being and will be in the future wrongfully deprived of earnings and the right to earn a living.

68.    As a direct and proximate result of the foregoing, the Estate of Carlos P. Munoz claims damages for decedent's loss of future earnings and loss of future earning capacity

Case ID  131001847

Case ID  131001847
Control No · 14112361

03/31/2015 04:26 PM

69. Plaintiff, on behalf of the Estate of Carlos P. Munoz, claims all damages suffered by the Estate by reason of the death of Carlos P Munoz, including without limiting the generality of the foregoing, damages for the anxiety, fear, serious injuries, the great and unspeakable conscious pain and suffering, both physical and emotional, and other intangible losses which Carlos P Munoz underwent prior to his death; the loss of life and of life's pleasures, the loss of future earning capacity suffered by Carlos P Munoz from the date of his death until such time in the future that he would have lived had he not died as a result of the injuries he sustained; and the total limitation and deprivation of his normal activities, pursuits, and pleasures from the date of his death until such time in the future as he would have lived had he not died as a result of the injuries sustained by reason of the negligence, carelessness, recklessness, gross negligence and other liability-producing conduct of the defendants.

WHEREFORE, plaintiff Maria Paucar, demands judgment against defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P 238, interest and allowable costs of suit.

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P C.

BY _s/ Robert J. Mongeluzzi_
    ROBERT J MONGELUZZI, ESQUIRE
    DAVID L. KWASS, ESQUIRE
    BENJAMIN J. BAER, ESQUIRE

Attorneys for Plaintiff

Dated: October 21, 2013

Case ID. 131001847

Case ID. 131001847
Control No  14112361



03/31/2015 04:26 PM

(Page 27 of 27)

## VERIFICATION

The averments or denials of fact contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of the 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

MARIA FAUCAX MUNOZ

Date: 10 - 14 - 13

Case ID 131001847

Case ID 131001847

Control No 14112361

03/31/2015 04:26 PM

